**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4318**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

ANTHONY REID,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:14-cr-00212-DCN-2)

———————

Submitted: November 22, 2016      Decided: November 29, 2016

———————

Before DIAZ and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Alicia Vachira Penn, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Reid pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and to distribute a kilogram or more of heroin, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Reid as a career offender to 188 months' imprisonment. He appeals. Reid's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but generally questioning the reasonableness of the sentence. Reid has filed a pro se supplemental brief in which he challenges his designation as a career offender in light of Johnson v. United States, 135 S. Ct. 2551 (2015). We affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Id. at 49-51. If a sentence is free of "significant procedural error," then we review it for

2

substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

Our review of the record leads us to conclude that Reid's sentence is procedurally sound and he fails to overcome the presumption of reasonableness accorded his within-Guidelines sentence. Moreover, Johnson has no application where, as here, the designation of career offender is based on prior felony drug convictions. We therefore conclude that Reid's sentence is reasonable. In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Reid, in writing, of the right to petition the Supreme Court of the United States for further review. If Reid requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Reid. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before this court and argument would not aid the decisional process.

AFFIRMED